UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| DUSTIN ALAN DUVALL, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No. 4:09-cv-28 |
| | ) | *Mattice/Carter* |
| SHERIFF MURRAY BLACKWELDER, | ) | |
| JAIL ADMINISTRATOR ROBERT ROWE, | ) | |
| LINCOLN COUNTY JAIL MEDICAL STAFF | ) | |
| LINCOLN COUNTY JAIL STAFF, | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM AND ORDER**

Dustin Alan Duvall ("Duvall"), a *pro se* prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court Doc. 1]. On March 19, 2009, the Court issued a deficiency order directing Duvall to file an *in forma pauperis* application or the full filing fee within thirty days from the date of the Order [Court Doc. 2]. Further, the Order instructed Duvall that failure to provide a correct address to the Court within ten days following a change of address would result in the dismissal of the action and that non-compliance with the Court's Order would result in the dismissal of his § 1983 complaint [Court Doc. 3].

There has been no response to the Court's Order. Accordingly, the Court finds Duvall has failed to comply with its Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits this Court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. This authority flows from the Court's inherent power to control its docket, prevent undue delays in the

1

disposition of pending cases, and avoid congested court calendars. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Therefore, this action will be **DISMISSED** for Duvall's failure to prosecute and to comply with the Orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE